ANTHONY G. MANGO (AM-4962)
MANGO & IACOVIELLO, LLP
14 Penn Plaza, Suite 1919
New York, New York 10122
amango@mandilaw.com
T: 212-695-5454
F: 212-695-0797

*Attorneys for Plaintiff Miriam Brilleman*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**MIRIAM BRILLEMAN,**

                  **Plaintiff,**                  26-CV-1562

    v.

**CUSHMAN & WAKEFIELD U.S., INC.,**      **COMPLAINT AND**
                                                  **JURY TRIAL DEMANDED**

                  **Defendant.**
-------------------------------------------------------------X

      Plaintiff, Miriam Brilleman ("Brilleman" or "Plaintiff"), as and for her amended complaint, by her attorneys, Mango & Iacoviello, LLP, alleges as follows:

### NATURE OF ACTION

      This is an action under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, as amended ("Title VII"), The New York State Human Rights Law, McKinney's Executive Law §§290 *et seq.* ("NYSHRL"), and The New York City Human Rights Law, Administrative Code of the City of New York §§8-101 *et seq.* ("NYCHRL"), for unlawful employment discrimination against Plaintiff on the basis of her age, and unlawful retaliation against Plaintiff for complaints of religious discrimination.

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1343, and 29 U.S.C. §621(c)(1), conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under ADEA and/or Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3) and §2000e-6 ("Title VII"), and pursuant to Section 102 of The Civil Rights Act of 1991. The Court's supplemental jurisdiction of claims arising under the human rights laws of New York State and New York City is invoked under 28 U.S.C. §1367(a).

2. Venue herein is proper under 28 U.S.C. §1391(b), and 42 U.S.C. §2000e-5(f)(3) as Defendant conducts significant business throughout the State of New York and particularly within the Southern District of New York; and all acts complained of herein occurred within the Southern District of New York.

**THE PARTIES**

3. Plaintiff is a 65 year old female, residing in Passaic, New Jersey.

4. Defendant Cushman & Wakefield U.S., Inc. (hereinafter "C&W") is a global commercial real estate and property management services firm, with offices and branches throughout the world, and with its corporate headquarters located in Chicago, Illinois. C&W conducts business in the Southern District of New York and is subject to the jurisdiction of this Court. C&W is an employer within the meaning of ADEA, Title VII, 42 U.S.C. §2000e(b), the NYSHRL, and the NYCHRL.

**ADMINISTRATIVE PREREQUISITES**

5. All conditions precedent to filing this suit have been fulfilled. Plaintiff timely initiated this action by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), under Charge No. 520-2025-05724.

6. On January 30, 2026, the EEOC issued a Notice of Right to Sue, issued upon the request of Plaintiff.

7. This action is filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

**FACTUAL ALLEGATIONS**

8. Plaintiff worked for C&W for eight (8) years, and always received positive evaluations and was never been disciplined or received any indications of performance related issues at any time during her employment.

9. On March 5, 2025, Plaintiff was informed of the termination from her position as a Senior Director, People Partnering at C&W. Her last day working at C&W was April 18, 2025. Plaintiff was replaced by a younger worker.

10. Plaintiff's termination was motivated by unlawful discrimination based upon her age, as well as retaliation based upon her complaints of religious discrimination.

*Plaintiff's Work At C&W*

11. Since commencing her career at C&W in 2017, Plaintiff always received excellent reviews and accolades from her peers and colleagues. Plaintiff received consistent raises and strong bonus awards, exemplifying her record of strong performance.

3

12.  Despite her excellent performance, things began to change when, in 2023, Plaintiff was passed over for a promotion in favor of a younger, less-experienced male colleague, Jered Basilan.

13.  When Plaintiff inquired about the promotion of Basilan over herself, Plaintiff's boss, Jill Kissack responded: "I picked him – if you don't like it, you can leave and take a severance package."

14.  Also, around this time, Plaintiff began to take notice that older female colleagues had been nudged out of the organization, in favor of younger staff.

15.  Plaintiff, found herself on the receiving end of ageist comments.  Plaintiff was told by her Manager Jered Basilan that she was "older than [his] mother".

16.  Additionally, the comment "people need to have runway" was a comment that was made often in the HR department in Plaintiff's presence.  Basilan also said that he wanted to give national project work to younger colleagues as "stretch assignments."

17.  Plaintiff's Manager Jered Basilan did not seek Plaintiff's input on the talent assessments of three business partners that reported to her.  Additionally, Plaintiff's oldest team members were rated by Basilan as "having no future or potential."

18.  Additionally, Basilan would constantly exclude Plaintiff from key initiatives and work within her group.

19.  Plaintiff also witnessed ageism against others within the organization.  One of the most senior brokers in NYC complained about being ignored because of her gender and age.  Plaintiff reported this complaint to the Head of ER and the Director of DEI.

20.  Under Basilan, managers in their late 40's and 50's were frequently denied promotions in favor of employees in their 30s, who were promoted.

21. Other female brokers came to Plaintiff and complained that they were not being paid equitably, attributing it to discrimination. Plaintiff completed a study for leadership on pay disparity between women and men in the brokerage roles and when completed, Plaintiff was instructed by upper management not to put it in writing.

***Concerns Regarding Anti-Semitism***

22. On October 7, 2023, the world witnessed horrific acts of barbarism and terrorism in Israel perpetrated by Hamas when they attacked Israel and murdered over 1100 innocent Israelis and took hundreds hostage.

23. After these tragic attacks, Plaintiff noticed a lack of a company-wide response at C&W, particularly when contrasted with the recent response of C&W to the Russian invasion of Ukraine. Plaintiff voiced her concerns of C&W's failure to respond or put out any statement to the Head of DEI, the Global CHRO, and the SVP of People. Plaintiff's concerns were not received well.

24. Shortly after, Plaintiff's Manager Jered Basilan made dismissive comments about the October 7th massacre and compared it to people getting killed every day, in a callous minimization of the events. Plaintiff was deeply disturbed by Basilan's comments and found them to be very offensive.

25. Plaintiff suggested that C&W should have listening sessions to hear people's concerns regarding the October 7th massacre. Instead, the DEI team decided to organize an open forum for colleagues to talk about the "situation", which was billed as the "Safe and Brave Space Listening Forum."

26. Originally designed to help support each other, the session became a presentation that was completely unbalanced, with the Palestinian perspective represented by an articulate,

professional Palestinian Marketing Manager, and with the "Israeli" perspective represented by a rather inarticulate "Jew for Jesus", without adding anything relevant or substantive to that perspective.

27. This session was not received well, and people voiced their concerns to Plaintiff and others in management. Initially, Plaintiff voiced her concerns to the former DEI Director, who in response told her: "not everyone has to be happy."

28. Subsequently, on October 30, 2023, Plaintiff sent an email to Basilan and Heather Rickard, the Head of ER, concerning feedback she had received from the session and to ensure that they had an aligned approach moving forward in dealing with employees' concerns.

29. Plaintiff scheduled a meeting to review concerns raised by employees and possible ways to help with damage control and assist with employees' concerns. Basilan initially accepted the meeting invite but failed to attend. During the meeting, while Rickard appeared empathetic to Plaintiff's concerns, it ultimately became clear that Plaintiff's concerns were not well received.

30. After voicing her concerns regarding the Oct 7 massacre, Plaintiff was retaliated against and 'iced out' by Jill Kissack, permanently altering their previous relationship. It was clear that Kissack had serious issues with Plaintiff's outspoken stance relative to the Oct 7 massacre, and the icing out was clearly retaliatory.

*Plaintiff's Termination From C&W*

31. On March 5, 2025, Plaintiff was abruptly terminated by Jered Basilan and Victor Taiwo. During the termination meeting, Basilan stated "we're going to have a difficult conversation," to which Plaintiff responded, "are you firing me?"

32. Basilan informed Plaintiff that he had received "feedback" regarding Plaintiff, and in response Plaintiff asked for clarity as to what he meant. Plaintiff had previously asked Basilan for feedback on her performance for year-end 2024 and Basilan had never indicated there was any issue.

33. Basilan stated to Plaintiff, "you don't have the skills for the future," clearly referencing her age as being a motivating factor in her termination from C&W. Plaintiff asked Basilan, "you don't think I have the skills you need for the future?" Instead of answering, Basilan stated informed Plaintiff that they should "align" on a message about her departure from C&W.

34. After Plaintiff's termination, she learned that colleagues in the office were informed that the reason for her termination was that "Miriam did not have the skills for the future," clearly referencing her age as precluding her from possessing the skillset for the "future." These comments have sullied Plaintiff's reputation and have caused significant damage to her career.

35. Plaintiff's termination was motivated by illegal discrimination based upon her age, and was further motivated by retaliation for her articulated concerns of religious discrimination regarding C&W's lack of a commensurately serious response to the October 7, 2023 attacks, which was indicative of religious discrimination.

## FIRST CLAIM FOR RELIEF

### (Age Discrimination In Violation Of ADEA)

36. Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 35 above.

37. Defendants intentionally discriminated against plaintiff on account of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* ("ADEA"), by denying Plaintiff equal terms and conditions of employment and by terminating her employment.

38. Defendant's acts of age discrimination in terminating her employment were performed with malice and reckless indifference to Plaintiff's protected rights.

39. As a proximate result of Defendant's acts of unlawful discrimination, Plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to her reputation.

40. As a proximate result of defendant's acts of unlawful discrimination, Plaintiff has suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with her former employment.

## SECOND CLAIM FOR RELIEF

### (Age Discrimination In Violation Of The NYSHRL)

41. Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 40 above.

42. Defendants intentionally discriminated against plaintiff on account of her age in violation of the New York State Human Rights Law, Executive Law §296, *et seq.,* by denying Plaintiff equal terms and conditions of employment and by terminating her employment.

43. As a proximate result of defendants' acts of unlawful discrimination, plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to her reputation.

44. As a proximate result of defendants' acts of unlawful discrimination, plaintiff has suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with her former employment.

### THIRD CLAIM FOR RELIEF

### (Age Discrimination In Violation Of The NYCHRL)

45. Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 44 above.

46. Defendants intentionally discriminated against plaintiff on account of her age in violation of the New York City Human Rights Law, N.Y.C. Admin. Code §8-107, *et seq.*, by denying Plaintiff equal terms and conditions of employment and by terminating her employment.

47. Defendants' acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights.

48. As a proximate result of defendants' acts of unlawful discrimination, Plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to her reputation.

49. As a proximate result of defendants' acts of unlawful discrimination, Plaintiff has suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with her former employment.

## FOURTH CLAIM FOR RELIEF

### (Retaliation In Violation Of Title VII)

50. Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 49 above.

51. Defendants intentionally discriminated against Plaintiff by retaliating against her for her complaints of religious discrimination in violation of Title VII and The Civil Rights Act of 1991. Such retaliation took the form of harassment and Plaintiff's ultimate termination.

52. Defendants' acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights.

53. As a proximate result of defendants' acts of unlawful discrimination, Plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to her reputation.

54. As a proximate result of defendants' acts of unlawful discrimination, Plaintiff has suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with her former employment.

## FIFTH CLAIM FOR RELIEF

### (Retaliation In Violation Of The NYSHRL)

55. Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 54 above.

56. Defendants intentionally discriminated against Plaintiff by retaliating against her for her complaints of religious discrimination in violation of NYSHRL, §296(1)(e). Such retaliation took the form of harassment and Plaintiff's ultimate termination.

57. As a proximate result of defendants' acts of unlawful discrimination, Plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to her reputation.

58. As a proximate result of defendants' acts of unlawful discrimination, Plaintiff has suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with her former employment.

## SIXTH CLAIM FOR RELIEF

### (Retaliation In Violation Of The NYCHRL)

59. Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 58 above.

60. Defendants intentionally discriminated against Plaintiff by retaliating against her for Plaintiff's complaints of religious discrimination in violation of NYCHRL, §8-107 *et seq*. Such retaliation took the form of harassment and Plaintiff's ultimate termination.

61. Defendants' acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights.

62. As a proximate result of defendants' acts of unlawful discrimination, Plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to her reputation.

63. As a proximate result of defendants' acts of unlawful discrimination, Plaintiff has suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with her former employment.

## JURY DEMAND

64. Plaintiff demands a jury on all claims stated herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment awarding her the following relief:

(1) preliminarily and permanently restraining defendants from engaging in the aforementioned conduct;

(2) back pay, prejudgment interest, and damages for all employment benefits she would have received but for the discriminatory acts and practices of defendants;

(3) reinstatement or front pay;

(4) compensatory damages;

(5) plaintiff punitive damages;

(6) reasonable attorneys' fees and costs incurred in this action; and

(7) any other relief this Court deems to be just, equitable, and proper.

Dated: New York, New York
February 25, 2026

Respectfully Submitted,

**MANGO & IACOVIELLO, LLP**

By:   /s/ Anthony G. Mango
Anthony G. Mango (AM-4962)
14 Penn Plaza, Suite 1919
New York, New York 10122
amango@mandilaw.com
T: (212) 695-5454

*Attorneys for Plaintiff Miriam Brilleman*